The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DENISE CAROLINE CARPENTER | ) | CASE NO. 10-62623 |
| & TIMOTHY LEE CARPENTER | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **ORDER DISMISSING CASE** |
| | ) | |

Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completes a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition. Upon filing a petition, Debtors are required to submit proof of compliance with this requirement.

Under the auspices of Interim Federal Rule of Bankruptcy Procedure 1007(b)(3), Debtors must file both an official form designated Exhibit D and a certificate of completion of the credit counseling course. The rule states:

> (3) Unless the United States trustee has determined that the credit counseling requirement of § 109(h) does not apply in the district, an individual debtor must file a statement of compliance with the credit counseling requirement, prepared as prescribed by the appropriate Official Form, which must include one

of the following:

(A) an attached certificate and debt repayment plan, if any, required by § 521(b);

(B) a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);

(C) a certification under § 109(h)(3); or

(D) a request for determination by the court under § 109(h)(4).

The time limits for filing the documents are set forth in Interim Rule 1007(c), which requires:

In a voluntary case, the documents required by paragraphs (A), (C), and (D) of subdivision (b)(3) shall be filed with the petition. Unless the court orders otherwise, if the debtor has filed a statement under subdivision (b)(3)(B), the documents required by subdivisions (b)(3)(A) shall be filed within 15 days of the order for relief.

The timing of this requirement is further amplified by the limited relief that is provided in the event of difficulty in obtaining the briefing. In the event of exigent circumstances, a debtor may defer this requirement, but this results in a specifically limited deferral and not a waiver. 11 U.S.C. § 109(h)(3).

In this case, debtors indicated they had received the credit counseling course in the 180 before filing and that the certificates would be filed within 14 days of the petition. However, the certificates were not filed. The debtors' failure to comply with the bankruptcy rules render them ineligible to be debtors. Accordingly, the case is hereby **DISMISSED**.

**DEBTOR IS HEREBY ADVISED THAT THE DISMISSAL DOES NOT RELIEVE HER OF THE OBLIGATION TO PAY THE FILING FEES. DEBTOR IS FULLY RESPONSIBLE FOR PAYMENT OF THE FILING FEE FOR COMMENCING THIS CASE ($299.00).**

If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to Ralph Regula U.S. Courthouse, United States Bankruptcy Court, 401 McKinley Ave. SW, Canton, OH 44702.

It is so ordered.

# # #

# SERVICE LIST

Denise Caroline Carpenter
1196 12th Street NW
New Philadelphia, OH 44663

Timothy Lee Carpenter
1196 12th Street NW
New Philadelphia, OH 44663

Michael V Demczyk
Canton
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685

Pamela I. Theodotou
Theodotou & Associates
4449 Easton Way 2nd Floor
Columbus, OH 37934

Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 E. Superior Ave., Suite 441
Cleveland, OH 44114-1240